IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>        Plaintiffs,<br><br>vs.<br><br>SAM MARSHALL, and BARBARA MARSHALL,<br><br>        Defendants. | CV 14-225-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.    INTRODUCTION**

Plaintiff John Hartsoe, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Hartsoe submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Hartsoe's lodged complaint as of the filing date of his motion to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Thus, the Court will review Hartsoe's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Hartsoe's allegations stem from legal proceedings in an unidentified civil action pending before the Montana Twentieth Judicial District Court, Lake County, Montana to which Hartsoe is a party. He alleges that a summary

judgment hearing occurred in the referenced civil case, and Defendant Barbara Marshall was the court reporter for the hearing. Hartsoe alleges Marshall and her husband, Sam Marshall, omitted from the official transcript of the hearing a specific discussion Hartsoe's sister allegedly had with the presiding judge. Consequently, Hartsoe contends the Marshalls are each liable for their conduct in omitting certain matters the transcript.

Invoking the federal subject matter jurisdiction of the Court under 28 U.S.C. § 1331, Hartsoe alleges the Marshalls are liable under the Freedom of Information Act, and are liable for committing criminal offenses under 18 U.S.C. §§ 1001, 1017 & 1018. Additionally, he invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 with respect to a common law claim of fraud under Montana law, and a claim under the Montana Constitution.

### III. DISCUSSION

Because Hartsoe is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the

> pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Freedom of Information Act (FOIA) permits a citizen to file an action in federal court to obtain documents and information from an "agency". 5 U.S.C. § 552(a)(4)(B). But the only agencies obligated to produce information and documents in response to a citizen's proper FOIA request are agencies of the executive branch of the United States government. 5 U.S.C. § 551(1); *Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004). Therefore, in a case where neither the United States, an agency of the United States, nor a United States official is named as a defendant to the civil action, the pleading cannot state a FOIA claim. *Id*.

Here, despite alleging a claim under FOIA, the only defendants that Hartsoe has named in this action are Sam and Barbara Marshall who he identifies as court reporters for the Montana Twentieth Judicial District Court, Lake County. Because Hartsoe has not sued a United States agency or official, he cannot state a claim under FOIA, and the claim is subject to dismissal.

Next, Hartsoe cites to the criminal offenses set forth in 18 U.S.C. §§ 1001,

1017 and 1018 as grounds for his legal claims alleging the Marshalls falsified the subject court transcript, or certified false information in the transcript. For the reasons discussed, however, these statues do not create a private cause of action for Hartsoe.

In determining whether a private cause of action arises from a federal statute, the focal point of the Court's analysis is Congress's intent. *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). "[A] bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone" cannot serve to create a private cause of action or give rise to civil liability. *Cort v. Ash*, 422 U.S. 66, 80 (1975).

The criminal statutes on which Hartsoe relies are enforced only by the United States, do not reflect any Congressional intent to provide a civil cause of action, and do not serve to create a private cause of action for civil liability. *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (addressing 18 U.S.C. § 1001). *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (addressing other criminal offenses and concluding the criminal statutes do not form a basis for civil liability). Hartsoe's claims under sections 1001, 1017 and 1018 are, therefore, subject to dismissal.

Based on the foregoing, all of Hartsoe's claims advanced under federal law

5

are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. Therefore, the Court must consider whether it should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any other claims Hartsoe advances under Montana law.

Section 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Because the Court recommends dismissing all of Hartsoe's federal claims, it is further recommended that the District Court decline to exercise supplemental

jurisdiction over Hartsoe's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Any claims Hartsoe may have under Montana law are matters of state and local concern, and are more properly addressed in the courts of the State of Montana.

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Under the circumstances of Hartsoe's allegations, and the background facts alleged in support of his claims, the Court concludes the deficiencies in Hartsoe's pleading could not be cured if he were given an opportunity to amend his pleading. Therefore, this matter should be dismissed.

## IV. CONCLUSION

Based on the forgoing, IT IS RECOMMENDED that Hartsoe's complaint be DISMISSED.

DATED this 18th day of September, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge